**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lori Anderson,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>WD Electric LLC and Walter Dollbaum,<br><br>　　　　　Defendants. | No. CV-18-01711-PHX-DWL<br><br>**ORDER** |

On March 18, 2019, the parties filed a Joint Proposed Pretrial Order (Doc. 30), apparently in a belated attempt to comply in part with the Rule 16 Scheduling Order (Doc. 20) issued by Magistrate Judge Leslie A. Bowman, which ordered that "[a] joint proposed pretrial order shall be lodged by March 15, 2019." (Doc. 20 at ¶ K (emphasis in original).) The parties' Proposed Pretrial Order tracks the undersigned judge's standard order, which is posted on the District of Arizona website, and certifies, *inter alia*, that "[t]he parties have complied in all respects with the mandates of the Court's Rule 16 Case Management Order and Order Setting Final Pretrial Conference." (Doc. 30 at ¶ O.)

However, the parties have not complied in all respects with the Rule 16 Order governing this case.[1] First, the Rule 16 Order states that "[a] joint letter to the Court concerning the status of settlement discussions (containing no specific settlement terms or offers) shall be submitted by November 30, 2018 and every two months thereafter." (Doc. 20 at ¶ J.) The Court did not receive such a letter on November 30, 2018, or on January

---
[1] The Court has not yet issued an Order Setting Final Pretrial Conference, so the parties have not yet had an opportunity to comply with it.

30, 2019.

Moreover—and this is far more worrisome to the Court—the parties state in their Joint Proposed Pretrial Order that they dispute whether this Court has jurisdiction over this action, with the explanation that the Fair Labor Standards Act ("FLSA") "applies only to employers whose annual sales total $500,000 or more or who are engaged in interstate commerce," and that "Defendant doesn't meet either of those criteria." (Doc. 30 at ¶ B.2.) In paragraph I, the parties note that there are no pending motions—indeed, this case is unusual in that no party has filed any motion of any sort since the action's inception on January 2, 2018—but Defendants note that they "expect to file a motion for lack of FSLA jurisdiction."

The dispositive motions deadline elapsed on February 15, 2019. (Doc. 20 at ¶ H.) "Objections to subject-matter jurisdiction, however, may be raised at any time." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

The Court will not set a pretrial conference until it resolves whether it has subject-matter jurisdiction and the parties engage in good faith settlement talks.

Accordingly,

**IT IS ORDERED** that, to the extent Defendants dispute the existence of subject-matter jurisdiction in this action, they shall file a motion to dismiss on that basis by **April 2, 2019**. The motion, response, and reply shall conform with the requirements of LRCiv 7.2.

**IT IS FURTHER ORDERED** that all parties and their counsel shall meet in person and engage in good faith settlement talks **no later than ten days from the date of this Order**. Upon completion of such settlement talks, the parties shall file with the Court a joint report on settlement talks executed by or on behalf of all counsel. The report shall inform the Court that good faith settlement talks have been held and shall report on the outcome of such talks. The parties shall indicate whether assistance from the Court is

needed in seeking settlement of the case. The Court will set a settlement conference before a magistrate judge upon request of all parties. The parties are reminded that they are encouraged to discuss settlement at all times during the pendency of the litigation, but the Court will not extend the case management deadlines if and when the parties elect to pursue settlement efforts, including a settlement conference before a magistrate judge. The parties should plan their settlement efforts accordingly. The parties shall promptly notify the Court if settlement is reached.

Dated this 20th day of March, 2019.

Dominic W. Lanza
United States District Judge